IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

UNITED STATES OF AMERICA,
            Plaintiff,

vs.

CEDRIC ADAM GAMBLE,
            Defendant.

Case No. A03 - 114 CR

DEFENDANT'S MOTION FOR AN ORDER TO COMPELL DEFENCE COUNSEL TO ORDER ERRONEOUS BURGLARY CHARGES STRICKEN OR DELETED

Dear Honorable Mr. Singleton:

I am Cedric A. Gamble. defendant, in the cause stated within the reference that came before you, in August 2004, in which my court appointed counsel was Robert Herz, Attorney at Law, 425 G Street, Suite 600, Anchorage, Alaska 99501, 907.277.7171, FAX: 907.277.0281.

In the presentence phase of the instant case, the Presentence Investigation Report produced several elements that were presented out of which I raised ojections, by and through Mr. Robert Herz, esq, that were written into the "SUPPLEMENT TO THE PRESENTENCE REPORT" filed in my behalf. The Supplement To The Presentence Report, respectfully submitted by Joshua M. Wyne, Chief U.S. Probation Officer, by KAREN M. BREWER, U.S. PROBATION OFFICER, signing, states in **"OBJECTION, PARAGRAPH 38: Mr. Gamble.......was arrested on November 13, 2003, according to the documents provided by the Beltrami County prosecutor's office. Moreover, he was arrested on a federal warrrant for the conduct arising in Alaska. See Report of Investigation pages 1 - 2 attached.*He was not arrested for BURGLARY. Mr. Gamble denies ever being charged with burglary."*** (*Emphasis Provided.*)

In the Supplement To The Presentence Report's "**Response**" it reads: "Response: The challenged information is as stated on the FBI record; the probation officer is also of the opinion that the information is errroneous, but it is what NCIC reports. No charges were made to the presentence report in response to the objection," verbatim.

Your Honor, at sentencing we, you and I, discussed the nature of the "ERRONEOUS BURGLARY CHARGE", therefore it is on the record, in concert with agreeing to the last page of the Supplement To The Presentence Report, submitted herewith in exhibition supporting the claims promulgated, heretofore, within this letter, Judge Singleton. **\*\*Likewise, you instructed Mr. Robert Herz to followup on this matter correcting the erroneous charge of Burglary of the report and presentence report and NCIC report by working with the United States Attorney to accomplish the correctful deletion of it from my record, Your Honor, which, by the way two years later, 2004 - 2006, by the time still must happen since Attorney Robert Herz surely is not held to follow your Honor's instructions once he leaves your courtroom.\*\*** (\*\*Emphasis Added.\*\*)

Hon. J.K. Singleton, U.S. District Judge
Page 2 - 22 December 2005


   I am now requesting this Court issue an order to Robert Herz, Attorney at Law, 425 G Street, Suite 600, Anchorage, Alaska 99501, to comply with the Court's former verbal order to "....work with the United States Attorney's Assistant to delete the erroneous burglary charge from all my record and reports rising out of the instant case in that I am a federal detainee at the Federal Correctional Institution, Post Office Box 1000, Oxford, Wisconsin 53952, who is to be released to a Community Corrections Center (Halfway House) within a few weeks since I am encroaching on my incarceration terminating within six months.
   Additionally, immediately after me leaving the jurisdiction of your Court to be incarcerated within my designated institution the Counselors and Administrators of BOP advised me they cannot delete the erroneous burglary charge from their records until they receive an Order from this Court authorizing it to delete the error.
   Therefore, I request this Court issue an order to Delete the Erroneous Burglary Charge from all records, files, reports and documents appertaining to me through ordering Robert Herz, Attorney at Law, to motion this Court do so on my behalf or grant this request based upon the meritfulness of the Court's files and record of my sentence hearing, on 7 January 2005, this motionary letter and exhibit(s) submitted and filed herewith.
   Thank you very much; I am

                                                  Respectfully,

                                                Cedric A. Gamble
                                                Reg. No. 11308-041
                                                Federal Correctional Institution
                                                P. O. Box 1000
                                                Oxford, Wisconsin 53952

encl.

cc

Chief Disciplinary Counsel
Alaska Bar Association
P. O. Box 100279
Anchorage, Alaska 99510
In Support of Robert Herz Complaint

Julie Bennett, American Jurisprudence Counsel
Springfield, MO

Senator Norm Coleman, Minnesota

James V. Delong, Chief Counsel, CATO Institute

# SUPPLEMENT TO THE PRESENTENCE REPORT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA
UNITED STATES V. CEDRIC ADAM GAMBLE
DOCKET NO. A03-0114-01 CR (JKS)

Defense counsel submitted the following objections following the release of the final presentence report. The attachments from counsel have been attached to this supplement.

**Objection, Paragraph 38:** *Mr. Gamble was not arrested on November 24, 2003. He was arrested on November 13, 2003, according to the documents provided from the Beltrami County prosecutor's office. Moreover, he was arrested on a federal warrant for the conduct arising in Alaska. See, Report of Investigation pages 1-2 attached. He was not arrested for burglary. Mr. Gamble specifically denies committing burglary at any time and denies ever being charged with burglary.*

**Response:** The challenged information is as stated on the FBI record; the probation officer is also of the opinion that the information is erroneous, but it is what NCIC reports. No changes were made to the presentence report in response to this objection.

**Objection, Paragraph 41:** *Mr. Gamble was sentenced based on downward departure to a gross misdemeanor. The grounds for the departure were that "other substantial grounds exist which tend to excuse or mitigate the offender's culpability although not amounting to a defense." In addition, because he was sentenced at the gross misdemeanor level his conviction is treated as a gross misdemeanor. Minn. Statute 609.13(1). See also page 4 of the sentencing transcript attached. There was at least one witness alleging that the complaining witness for the aggressor and the jaw fracture was hairline only non-displaced and did not need to be set. Transcript at 5-6. He was placed on unsupervised probation for two years.*

**Response:** So noted.

**Objection, Paragraph 45:** *Cedric Gamble was the sole lessee of the trailer let to him by Adeline Kuiawinski. See, Report of Investigation page two attached. Carol, Adeline's daughter did not rent the trailer. She did pay to Mr. Gamble a nominal fee for electricity for keeping things in a freezer that was on the porch outside. She also used the inside of the trailer for ozone therapy (apparently she suffers from a blood disorder) and she would obtain Mr. Gamble's consent before entering and using the trailer for such purposes.*

**Response:** So noted.

Respectfully submitted,

Joshua M. Wyne
Chief U.S. Probation Officer

by Karen M. Brewer
U.S. Probation Officer

RECEIVED JUN 28 2004 LAW OFFICE OF ROBERT HERZ, P.C.