Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| Cedric Gamble, | ) ) |
| Defendant(s). | ) ) |

Case No.     A-03-114 Cr (JKS)

### RESPONSE TO DEFENDANT'S LETTER TO COURT

Counsel, Robert M. Herz, of the Law Offices of Robert Herz, P.C., hereby files this response as directed in this court's order (docket #57) appointing counsel for the limited purpose of addressing the issues outlined in the letter which was docketed as a motion (docket #56).

Following the sentencing hearing in the above case, held on January 7, 2005, I contacted colleagues across the country. I did so in the hope that one of them knew, from prior experience, how best to proceed in correcting an erroneous data entry in the NCIC database, which is operated and maintained by the Federal Bureau of Investigations (FBI). I received little substantive information or help. Although one colleague believed that the FBI had a form, a green card, that one filled out to request corrections to NCIC entries. In contacting the FBI in Washington, D.C., however, I was not able to substantiate this information. I was directed to contact the law enforcement agency that submitted the erroneous data. Subsequently, and in addition, I instructed my paralegal to contact the local Anchorage office of the FBI to obtain instructions and any available forms necessary and required by the FBI to be filed to make corrections to NCIC entry in question. The FBI informed my office that no such forms exist and that only the arresting agency that supplied the data in the first place could correct the erroneous data.

As the court may recall, at and around the time Mr. Gamble was sentenced he was also negotiating with state authorities within the jurisdiction of Beltrami County, Minnesota where he

had been arrested on the felony warrant from the District of Alaska. These negotiations concerned submitting to the jurisdiction of state of Minnesota, a possible detainer request being issued, and critically, state drug charges/allegations arising from a search of his residence as authorities there attempted to locate Mr. Gamble to serve the felony warrant. The arrest in Minnesota by local authorities there gave rise to the erroneous data entry. Although, formal charges had not been filed, Mr. Gamble sought the assistance of the state public defender in the area to represent him on the potential state charges. At the time of Mr. Gamble's sentencing here, and subsequently, Mr. Gamble was represented by a state public defender in Minnesota. Under the circumstances it appeared that the local public defender could more efficiently contact, and if necessary, contest, the issues involved, since they stemmed from Mr. Gamble's arrest in Minnesota by a local law enforcement agency there.

On March 3, 2005 I sent correspondence to Mr. Gamble's public defender, Paul Thompson. (See Exhibit A). I provided to him a summary of the issues involved, and copies of all pertinent documents. I closed this correspondence requesting that if he were unable to assist Mr. Gamble with correcting the NCIC record to contact me. A copy of this letter is attached for the court's review and records. At or around the same time, Mr. Gamble was informed of the information provided to us by the FBI, and that under the circumstances, I was relying on his public defender in Minnesota, Paul Thompson to pursue this issue. Mr. Gamble was also informed that if he was unable to correct the NCIC entry in the manner described by the FBI that he should contact my office and I would pursue the matter further until the issue was resolved.

I never heard back from either public defender Paul Thompson or from Mr. Gamble anytime over the next nine months indicating that the issue could not or was not resolved. In fact, given the lack of communication from either, I assumed the issue was resolved to Mr. Gamble's satisfaction. Mr. Gamble's letter to the court, now docketed at #56, a copy of which he sent to me, dated December 22, 2005 and which I received on December 27, 2005, was a surprise, as he had not contacted me previously indicating the issue was unresolved.

Counsel has interpreted the court's order narrowly, as contemplating a response such as the one provided above. It was not clear to counsel whether the scope of the court's limited appointment, which asked counsel to "address the issues raised in the letter," also included filing

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

motions on behalf of Mr. Gamble to assist him with resolving this issue. Counsel is prepared to files motions on Mr. Gamble's behalf, and to assist him as necessary, if the court deems this appropriate and issues an order directing counsel to proceed in such a manner.

DATED at Anchorage, Alaska, this 8th day of March 2006.

THE LAW OFFICES OF ROBERT HERZ, PC

s/ Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska 99501
Phone 907-277-7171
Fax 907-277-0281
rmherz@gci.net
AK Bar No. 8706023

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

**CERTIFICATE OF SERVICE**
I hereby certify that on March 8, 2006, a copy of the foregoing response was served electronically on Assistant United States Attorney    s/ Robert Herz